AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/6/2022

UNITED STATES OF AMERICA

Case No. 1:15-cr-321

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

MARCOS BATISTA CUBILETE

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Marcos Batista Cubilete's application for compassionate release and its supporting materials, Dkt. No. 494, as well as the materials presented to the Court in connection with his sentencing. The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). The Court does not conclude that Mr. Batista Cubilete has met his burden to show extraordinary and compelling circumstances in support of his application for his compassionate release. He suffers from pre-existing conditions that may increase the risk of COVID-19, including diabetes. Born in 1970, Mr. Batista Cubilete is relatively young, however; he is not in the age cohort at greatest risk from COVID-19. And, significantly, Mr. Batista has been fully vaccinated and boosted. As the pandemic has become endemic, the conditions that Mr. Batista Cubilete describes are not sufficient to meet his burden to demonstrate that extraordinary and compelling reasons exist that warrant his release. That Mr. Batista Cubilete has been separated

from his son as a result of his criminal conduct does not constitute an extraordinary reason for his early release.

Moreover, after evaluating the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Batista Cubilete's sentence is appropriate at this time. As the Court described at sentencing, Mr. Batista Cubilete's offense was very serious. Mr. Batista Cubilete was involved in the distribution of a "really significant amount of heroin, an amount so large that . . . it is at the highest point in the drug table." Dkt. No. 392 ("Tr.") at 22:6-8. The advisory sentencing guidelines range for Mr. Batista Cubilete's offense was 168-210 months imprisonment. Id. at 19:24. "Mr. Batista Cubilete personally delivered narcotics and drug transactions and collected cash from sales . . . ." Id. at 21:21-22. The Court imposed a sentence that varied downward substantially from the guidelines range for all of the reasons articulated at sentencing. The Court appreciates that Mr. Batista Cubilete asserts that he has been a model prisoner. That is to his credit. And the Court believes that, arguably, there is a greater need for medical care and treatment in light of the COVID-19 pandemic. But in evaluating the sentencing factors under 18 U.S.C. § 3553(a), the Court does not believe that early release is appropriate for Mr. Batista Cubilete, for substantially the reasons that it articulated at sentencing. Mr. Batista Cubilete's crime was very serious: a shorter term of imprisonment would not be a just punishment. Moreover, the Court continues to believe that a lesser sentence would not serve the goals of general and personal deterrence. As the Court commented at sentencing, "a sentence shorter than the one that I am imposing would not honor the principle of general deterrence given the very large amount of narcotics for which Mr. Batista Cubilete is responsible." Id. at 25:14-17. The Court imposed a sentence that was substantially below the advisory guidelines range. As the Court concluded at sentencing, a lesser sentence is not appropriate. The facts presented by the defendant in his

application do not alter the Court's evaluation of the 3553(a) factors as a whole. The Court does not believe that a reduction in the defendant's sentence is appropriate at this time.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to and to mail a copy of this order to Mr. Batista Cubilete.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

November 6, 2022

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE